IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| HAROLD JOHNSTON, )<br>PATINA JOHNSTON )<br>   ) <br>   Plaintiffs, )<br>   )<br>vs. )<br>   )<br>DETYENS SHIPYARD, INC. & )<br>DETYENS MARINE INDUSTRIES, INC. )<br>   )<br>   Defendants. )<br>   )<br>_____ ) | Civil Action No. 2:11-cv-942-CWH<br><br>**COMPLAINT** |

Plaintiffs, complaining of the Defendants, allege upon information and belief:

**JURISDICTION AND PARTIES**

1. Jurisdiction is predicated upon 28 U.S. C. § 1333 general maritime and admiralty jurisdiction, and is designated an admiralty claim within the meaning of Rule 9(h).

2. Plaintiffs Harold Johnston and Patina Johnston are residents of Norfolk, Virginia.

3. Detyens Shipyards, Inc. ("Detyens)") is a South Carolina corporation doing business and maintaining corporate offices and agents in the County of Charleston, the state of South Carolina.

4. Detyens Marine Industries, Inc. ("Marine Industries") is a South Carolina corporation doing business and maintaining corporate offices and agents in the County of Charleston, the state of South Carolina.

5. Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division, and pursuant to 28 U.S.C. § 1391(b); the Defendants reside in this District, and a substantial part of the events giving rise to plaintiff's claims occurred here.

## FIRST CAUSE OF ACTION NEGLIGENCE

6. At all times relevant hereto Harold Johnston, was serving as the Third Officer aboard the USNS JOHN LENTHALL, a vessel owned by the Department of Navy Military Sealift Command.

7. USNS JOHN LENTHALL was berthed at or near Defendants' marine facility, where Detyens and/or Marine Industries had just serviced the ship's lifeboats.

8. On May 4, 2010 the USNS JOHN LENTHALL's number 1 lifeboat was piloted back to the ship's starboard side after being serviced by Defendants. Two of Defendants' employees, who were in the course and scope of their employment, secured the ship's davit falls onto the lifeboat's hooks.

9. When the Defendants' employees attempted to secure the forward hook, they negligently and improperly positioned the ring from the falls up against the guard of the hook, by the tip of the hook; rather inserting the ring from the falls all the way into the hook, then securing the guard plate, so the ring would be locked in and safely positioned by the throat of the hook.

10. The lifeboat, was then hoisted aboard the USNS JOHN LENTHALL and stowed in this precarious condition, wherein it was not clearly visible to a user of the boat, that the hook was not properly positioned.

11. On May 5, 2010, Harold Johnston and three Able Bodied Seaman entered the number1 lifeboat, for a Coast Guard inspection. As the lifeboat was being lowered, the forward fall, which was not properly secured by Defendants' employees, came loose, causing the bow to violently drop down; causing the aft hook to tear out from the stern of the lifeboat, which resulted in the lifeboat freefalling 30-40 feet down to the water.

12. As a result Harold Johnston sustained multiple injuries including but not limited to a fractured pelvis, gash and other injuries to his head, commutated fracture of his right pinky.

13. By reasons of the above mentioned, Harold Johnston sustained pain and suffering, medical expenses, became incapacitated and sustained loss of income and will also incur future pain and suffering, future medical expenses, and future lost earnings.

### SECOND CAUSE OF ACTION LOSS OF SERVICES, SOCIETY AND CONSORTION FOR PLAINTIFF PATINA JOHNSTON

14. Plaintiffs repeat in full force and effect as though fully set forth herein, the allegations contained in Paragraph 1 through 13.

15. On May 5, 2010, Patina Johnston was Harold Johnston's wife and is still married to Harold Johnston.

16. As a result of the injuries sustained by Harold Johnston, Patina Johnston has suffered and will suffer in the future loss of services, society, affection and Consortium.

**WHEREFORE** plaintiffs Harold Johnston and Patina Johnston pray that this Court enters judgment on both counts in an amount of damages to be proven at trial in favor of the plaintiffs Harold Johnston and Patina Johnston, against Defendants Detyens

Shipyard, Inc. and Detyens Marine Industries, Inc. jointly and severally together with costs and pre and post judgment interest.

        EDWARD M. BROWN

        s/Edward M. Brown
        Edward M. Brown (0928)
        146 Spring Street
        Charleston, SC  20261
        (843) 577-7363

        Of Counsel

        TABAK, MELLUSI & SHISHA LLP

        Jacob Shisha
        29 Broadway, Suite 2311
        New York, NY 10006
        (212) 962-1590